FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 9 2015

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

PLAINTIFF

v.   CASE NO. 4:15CV 82- SWW

$579,475.00 IN U.S. CURRENCY

DEFENDANT

This case assigned to District Judge Wright
and to Magistrate Judge Young

## VERIFIED COMPLAINT *IN REM*

The United States of America, by Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Assistant U.S. Attorney Cameron C. McCree, for its verified complaint *in rem* against the above-described property, states:

### NATURE OF THE ACTION

1.  This is an action to forfeit to the United States $579,475.00 in U.S. Currency ("the Defendant Currency").

2.  This action is governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### JURISDICTION AND VENUE

3.  This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355(a).

4.  This Court has *in rem* personal jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b).

5.  Venue is proper in the Eastern District of Arkansas under 28 U.S.C. §§ 1355(b)(1) and 1395 because the events giving rise to this forfeiture action occurred in this district. Venue is also proper because the Defendant Currency is located in this district. The Defendant Currency is presently in the custody of the United States Marshals Service in Little Rock, Arkansas.

## BASIS FOR FORFEITURE

6. The Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it constitutes (1) money intended to be furnished in exchange for a controlled substance; (2) proceeds traceable to such an exchange; and (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

7. The Defendant Currency was seized from Yu Lin Yuan in September 2014 following a traffic stop on Interstate 40 near mile marker 122, which is close to Wooster, Faulkner County, Arkansas.

8. On September 24, 2014, Arkansas State Police Corporal ("Cpl.") Chris Goodman conducted a traffic stop on a red 2014 Kenworth Diesel Tractor Truck for swerving onto the right shoulder.

9. Cpl. Goodman made contact with Yuan, the driver, and observed him and the inside of the vehicle.

10. Yuan appeared to be extremely nervous; he was moving around erratically, shaking, and speaking fast.

11. While Cpl. Goodman was talking to Yuan, he noticed that the co-driver, Weiyi Liu, sitting in the sleeper area and awake.

12. Liu also appeared to be nervous; he was shaking and looked startled.

13. Cpl. Goodman requested Yuan and Liu's log book, bills of lading, driver's licenses.

14. In reviewing the log book, Cpl. Goodman noticed that Yuan and Liu had taken over two weeks off in New York prior to their current trip, and their bill of lading showed that

they were going to Stockton, California.

15. Stockton, California is known to law enforcement as a source area for high-grade marijuana.

16. Yuan said that he only worked for the company for two months, which Cpl. Goodman thought was strange given his two-week vacation in New York.

17. Cpl. Goodman asked Yuan to identify his boss, and Yuan said he did not know his name.

18. Cpl. Goodman then had Yuan exit the vehicle and asked him to stand to the back of the truck.

19. Cpl. Goodman also asked Yuan if there were any guns, drugs, or large amounts of currency in the truck, and Yuan responded that there were no such items in the truck.

20. Cpl. Goodman asked Yuan for permission to search the truck, and Yuan consented to the search.

21. Cpl. Goodman also spoke with Liu and asked him to exit the vehicle.

22. Cpl. Goodman began searching the cab, and during the search, he found a large cardboard box on top of the bottom bed.

23. The box was taped shut with several strips of packing tape.

24. Cpl. Goodman opened the box and found part of the Defendant Currency, which was packaged in large bundles, divided by rubber bands, and hidden behind a layer of Chinese newspapers.

25. Cpl. Goodman noticed that Yuan and Liu were talking as he was conducting his search, so Cpl. Goodman asked Yuan to sit in his police car.

26. While in the car, Cpl. Goodman again asked Yuan if he was carrying more than

$10,000, and Yuan again denied carrying that much currency.

27. Yuan made it clear to Cpl. Goodman that the money found in the truck did not belong to him.

28. Cpl. Goodman asked Yuan to exit the vehicle and went through the same process with Liu.

29. Liu also denied that the money found in the truck was his.

30. After these interviews, Cpl. Goodman and other officers returned to the truck to finish their search.

31. As they continued their consent search of the truck, the officers found a postal service box in front of the original cardboard box. This box was hidden under a shirt on the bed.

32. The postal box was also full of currency that was divided into separate bundles by rubber bands.

33. Cpl. Goodman and the other officers drove the truck, Yuan, and Liu to the Faulkner County Prosecutor's Office, which is connected to the Faulker County Sheriff's Office.

34. At the prosecutor's office, Drug Enforcement Administration ("DEA") Taskforce Officer Johnny Sowell and DEA Special Agent John Hensley took custody of the Defendant Currency and interviewed Yuan and Liu.

35. Both Yuan and Liu signed disclaimer forms, affirming their statements to Cpl. Goodman that the money did not belong to them.

36. Both were then released pending further investigation.

37. Cpl. Mike Bowman ran his K-9 around both boxes, and the dog alerted to the presence of narcotics on the boxes.

38. Law enforcement authorities took all of the money to the Centennial Bank in

4

Conway, and a count of the money determined that it was $579,475 in U.S. currency.

39. The manner in which monies were hidden and packaged, the driver and passenger's disclaimer of ownership and implausible stories, and the dog alert, among other factors, indicate that the Defendant Currency is drug money.

40. WHEREFORE, the United States prays that the Court issue an arrest warrant *in rem* as provided by Supplemental Rule G(3)(b), which the United States will execute on the Defendant Currency as provided by 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant Currency be forfeited to the United States; that due process issue to enforce the decree of forfeiture; and for all other proper relief.

Dated: February 9, 2015.

> CHRISTOPHER R. THYER
> UNITED STATES ATTORNEY
>
> By: /s/ Cameron McCree
> CAMERON C. McCREE (2007148)
> Assistant U. S. Attorney
> P. O. Box 1229
> Little Rock, Arkansas 72203
> (501)340-2624
> Cameron.McCree@usdoj.gov

## **VERIFICATION**

I, Johnny Sowell, verify and declare under penalty of perjury that (1) I am a Taskforce Officer with the Drug Enforcement Administration; (2) I have read the this verified complaint and know its contents; and (3) the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are (1) my participation in this investigation, (2) information learned from oral and written reports prepared by other law enforcement officers, and (3) information from witnesses, physical surveillance, seized contraband, and other physical evidence.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 9, 2015.

_____
JOHNNY SOWELL, Taskforce Officer
Drug Enforcement Administration